## Samuel Haskell *versus* John A. Haven *et al.*

A notification to a creditor that his debtor intends to take the benefit of *St.* 1787, *c.* 29, [see Revised Stat. *c.* 98,] for the relief of poor debtors, cannot be avoided by showing that it was signed in blank by the justice of the peace, and, while he was out of the commonwealth, was filled out and served.

The certificate of the two justices of the peace who administer the poor debtor's oath, that the return of such notification is conformable to law, cannot be contradicted by extrinsic evidence.[1]

The acts of such justices where they have no jurisdiction, may be avoided by plea or evidence.

DEBT on a prison bond. Plea, that the debtor imprisoned was discharged by order of law. Replication, that no notice was given to the plaintiff of the time and place of examining and administering the poor debtors' oath to such debtor ; and issue on that fact.

The defendants produced a copy of the proceedings in common form, certified by two justices of the peace, *quorum unus*, setting forth that it appeared to the justices, that the keeper of the prison, upon the complaint of the debtor that he had not estate sufficient to support him in prison, had applied to Joseph H. Pierce, a justice of the peace, and that Pierce had thereupon made out a notification under his hand and seal, signifying to the plaintiff the prisoner's desire of taking the benefit of the statute of 1787, *c.* 29 ; and that it further appeared, that the notification and the return thereof had been duly made ; also setting forth the administering of the poor debtors' oath, and the prisoner's discharge.

It was proved, that on the day of the date of the notification, and for a long time before and after, Pierce was absent from the commonwealth, being at the city of Washington. The evidence to this point was objected to, on the ground that the certificate was conclusive ; but the objection was overruled. Pierce testified that he was absent, as before stated, and had left blank notifications signed by him for the convenience of the gaoler and the prisoners.

A verdict was taken for the defendants, which was to be set aside and the defendants to be defaulted, if the proceedings mentioned do not constitute a legal discharge of the bond.

---

[1] For the form of this certificate, see Revised Stat. *c.* 98, § 10.

*Prescott* and *Mason* contended, that the plaintiff might go into evidence to show that the order of the two justices was void, since, their jurisdiction being limited, without appeal, and not according to the course of the common law, there was no opportunity to reverse their proceedings. The justices had no jurisdiction, for the debtor did not pursue strictly the requirements of *St.* 1787, *c.* 29. The keeper of the prison ought actually to make an application, and to a justice of the peace *within* and for the county in which the prison is situated. The justice is to appoint a time and place for administering the oath. This appointment is a judicial act, which cannot be delegated. If it is left to be done by the prisoner or gaoler, an improper time and place may be appointed, to the prejudice of the creditor. The justice moreover is to inquire whether the prisoner is confined for debt. They cited *Smith* v. *Rice*, 11 Mass. R. 507 ; *Adkins* v. *Brewer*, 3 Cowen, 206 ; *Little* v. *Hasey*, 12 Mass. R. 319 ; *Slacum* v. *Sims*, 5 Cranch, 363 ; *Davison* v. *Gill*, 1 East, 64 ; *Brown* v. *Compton*, 8 T. R. 424 ; *Crepps* v. *Durden*, Cowp. 640 ; *Squibb* v. *Hole*, 2 Mod. 29 ; 2 Wils. 385, cites *Smith* v. *Bouchier ; Case of the Marshalsea*, 10 Co. 76.

*Bliss, contrà.* 1. The notification was good and legal. The objection that the justice of the peace only signed it in blank, would apply to many other processes respecting which the statutes make use of a phraseology similar to that of the one under consideration. *St.* 1797, *c.* 35, § 2 ; *St.* 1783, *c.* 42. — 2. If the notification was irregular, the two justices have nevertheless said that it was legal, and their determination is final. *Croudson* v. *Leonard*, 4 Cranch, 434 ; *Sanford* v. *Nichols*, 13 Mass. R. 288 ; *Baxter* v. *New Eng. Mar. Ins. Co.* 6 Mass. R. 277. If the cause were to go back to the jury, parol evidence could not be admitted to contradict the notification, which recites that application had been made to the justice. *Reed* v. *Jackson*, 1 East, 357 ; *Purrington* v. *Loring*, 7 Mass. R. 392 ; *Davis* v. *Maynard*, 9 Mass. R. 246.

PARKER C. J. delivered the opinion of the Court. The issue tried by the jury was, whether notice had been given to the plaintiff of the time and place appointed to administer

*Haskell*
*v.*
*Haven.*

*March 15th.*

*April 3d.*

**406**

435

the poor debtors' oath ; and the certificate of the justices who administered the oath, together with the notification purporting to be signed and made by Joseph H. Pierce, a justice of the peace duly authorized thereto, were tendered and received as evidence of the fact. By the certificate of the two justices who administered the oath it appears, that they have examined ·the return of the notification made by the officer who served it, and found it conformable to law. The certificate must be conclusive evidence of that fact, for it is made by the statute the special duty of the magistrates to examine the return. The case therefore rests altogether upon the position taken by the plaintiff, that the certificate of the magistrates was void, because they had no jurisdiction of the case, and no right to act, for want of legal proceedings made necessary by the statute before they are called upon to exercise any authority. The notification is unobjectionable in its form ; it was signed and sealed by Pierce, who at the time, held a commission of justice of the peace, which was in force. The evidence which was received to contradict this official act was, that Pierce, at the time it bears date, and for a long time before, and until after the day purporting to be assigned for administering the oath, was not within the commonwealth, but was at Washington.

The case presented for the determination of the Court, therefore, is, whether his official certificate of the application to him by the gaoler in behalf of the confined debtor, and of the assignment of a time and place for the hearing, and notice thereof to the creditor, which was served upon the creditor in the manner and within the time prescribed by law, can be rendered null and void by parol evidence that the justice was absent at the time, so that he could not, in point of fact, have personally made out or filled up the notification which bears his signature and seal. As the authority and jurisdiction of a justice of the peace are limited by the county within which ne dwells, and for which he is commissioned, unless he be a justice of the peace throughout the commonwealth, it seems to be immaterial to the question, whether the magistrate was at the distance of five hundred miles or of one mile, provided he were without the limits of his county. If he were in the town

of Roxbury, or at Lechmere's Point, when the certificate or
notification issued, he was beyond his jurisdiction as much,
to all legal purposes, as if he were at Washington ; and indeed
the argument for the plaintiff proceeds upon this ground ; for
it is contended that there must be a personal application to the
justice, and that the act to be done is a judicial act, requiring
his personal presence, and which cannot be delegated. If it
ought to be considered in this light, it would certainly follow,
that the notification which was acted upon in this case was
void. But it is very clear that, in this respect, the act re-
quired of him by law is merely ministerial. He cannot refuse
to issue a notification, when application is made to him by the
gaoler ; he is to act forthwith, without any hearing of parties
upon the subject ; he is only to appoint a time and place for
a hearing before another tribunal. There is nothing of a judi-
cial character in all this, any more than in issuing a *subpœna*
for witnesses, or a writ or other process returnable before him-
self. In *St.* 1797, *c.* 35, § 2, [see Revised Stat. *c.* 94,
§ 15,] it is provided, that when either party in a cause shall
*apply* to a justice of the peace to take a deposition, he shall
give notice to the adverse party, &c., and the form of this
notice is prescribed. It would be an unusual strictness to
inquire whether an application was in fact made to the justice,
or whether the blanks in the form of the notice prescribed,
were filled up by him, or by some clerk, or even by the party
himself in the absence of the justice. The case cannot be
distinguished in principle from all other cases of initiatory
process, such as original writs, summonses, *subpœnas*, which
having the proper signature, and seal, if one be required,
have been considered, according to immemorial usage, as the
legal acts of courts, clerks, justices, &c., although in fact
issued in blank, and in almost all cases filled out by the
party who wishes to use them, his agent or attorney. Nor
is there any injury resulting from this practice, for the whole
object of the process is to compel an appearance, or to give
notice of something to be done at a future day ; and if that
notice is given within the prescribed time, and in the forms
required, the party to be affected has no ground of complaint.
In such a process as the one which has raised this question, it

*Haskell*
*v.*
*Haven.*

**408**

Haskell
*v.*
Haven.

might be particularly inconvenient to admit proof of the tem porary absence of the justice upon whose notification two justices are empowered to inquire into the right of a poor debtor to be discharged upon taking the oath ; and the custom of leaving blanks, to be filled up by the gaoler or other person, is in no respect productive of mischief. The time allowed the creditor after service of the notification is fixed by law ; the manner in which it shall be served is also prescribed. If an inconvenient hour or place should be assigned, the justices of the quorum, who are to act upon the notification, are to examine the return, and it is in their discretion to refuse to act, if they shall find any attempt has been made to put them or the creditor to inconvenience. It is before them that the creditor is to have his hearing, and there he may object to the notice, as well as to the merits of the application by the debtor. If he refuses to appear, or appearing, does not object, he ought not to be allowed, after such an acquiescence, to complain of the proceedings, and resort to the sureties for the whole penalty of the bond, on the ground that an escape has been committed.

The authorities cited show, that where there is no jurisdic tion, the proceedings may be avoided by plea or evidence.[1]

*Judgment according to the verdict.*

---

See *Hall* v. *Young, ante,* 2, note; 82 Stark. Evid. (5th Amer. ed.) 705.